**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TERRENCE WILLIAMS** ) | |
| PSC 4000 Box 2 ) | |
| APO, AP 96271 ) | |
| ) | |
| Plaintiff, ) | |
| V. ) | |
| ) | |
| **DEPARTMENT OF DEFENSE** ) | **COMPLAINT** |
| 1000 Defense Pentagon ) | **Civil Action No:  1:26-cv-00863** |
| Washington, DC 20301 ) | |
| ) | |
| And ) | |
| ) | |
| **DEPARTMENT OF THE ARMY** ) | |
| 101 Army Pentagon ) | |
| Washington, DC 20310 ) | |
| ) | |
| **As to each Defendant Serve:** ) | |
| United States Attorney ) | |
| for the District of Columbia ) | |
| 601 D Street NW ) | |
| Washington, DC  20530 ) | |
| ) | |
| Attorney General of the United States ) | |
| U.S. Department of Justice ) | |
| 950 Pennsylvania Avenue ) | |
| Washington, DC 20530 ) | |
| ) | |
| Office of the Judge Advocate General ) | |
| U.S. Army Litigation Division ) | |
| 9275 Gunston Road, Building 1450 ) | |
| Fort Belvoir, VA 22060-5546 ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DEMAND FOR DECLARATORY AND INJUNCTIVE RELIEF**

For his Complaint, Terrence Williams ("Mr. Williams" or "Plaintiff"), by the undersigned counsel, states as follows:

Plaintiff brings this action for injunctive relief and other appropriate relief and seeks the disclosure and release of agency records improperly withheld from Plaintiff by the Defendants, the Department of Defense, and its subordinate agencies, pursuant to the Privacy Act of 1974, 5 U.S.C. §552a et seq. ("PA") and the Freedom of Information Act, 5 U.S.C. §552(a) et seq. ("FOIA").

## PARTIES

1.    Plaintiff is a United States Citizen who currently resides in South Korea.

2.    The Defendant, Department of Defense (DOD), and the Department of the Army fall under the definition of a "federal government agency" and are in possession, custody, and control over documents and records about Plaintiff.

## JURISDICTION AND VENUE

3.    The Court has both subject matter and personal jurisdiction over this action and the Defendants pursuant to 5 U.S.C. §552(a)(4)(B), 5 U.S.C. §552a(g)(1), and 28 U.S.C. §1331.

4.    The Court has the authority to issue declaratory and injunctive relief under 28 U.S.C. § 1361, 5 U.S.C. §552(a)(4)(B), and 5 U.S.C. §552a(g)(2)(A).

5.    The venue is proper in this Court pursuant to 5 U.S.C. §552(a)(4)(B), 5 U.S.C. §552a(g)(5), and 28 U.S.C. §1391 (b) and (e).

6.    The Court has the authority to award attorneys' fees and litigation costs under 5 U.S.C. §552(a)(4)(E)(i), 5 U.S.C. §552a(g)(3)(B), and 28 U.S.C. § 2412.

## FACTS

7.    On August 19, 2025, Mr. Williams, Plaintiff, was informed that he was under an AR 15-6 investigation.

8.      On August 26, 2025, Mr. Williams submitted an expedited request for records under the Freedom of Information Act to the Eight Army, G-1, FOIA-Privacy Act Office, in which he requested records from the U.S. Army, Office of the Staff Judge Advocate, and the Deputy to the Garrison Commander, U.S. Army Garrison Humphreys. A copy of this submission is enclosed herein as Exhibit A.

9.      Plaintiff requested expedited processing under 32 C.F.R. § 286.8(e)(1)(ii)(B). This was necessary to protect Mr. Williams' humanitarian interests, specifically his health, well-being, and human welfare, because he was being denied access to healthcare.

10.      The Agency never responded to the expedited processing request.

11.       The August 26, 2025, FOIA request contained 23 distinct, specific requests within its description of records sought:

1. All interagency and intra-agency records containing Mr. Williams' name or social security number are requested. The search should encompass variations of the name Terrance Williams used by the Agency in connection with any and all No Contact Orders, Military Protective Orders, or similar directive.
2. A copy of any and all No Contact Orders, Military Protective Orders, or similar directives related to Mr. Williams;
3. A copy of the Notice of Assignment to Situational Telework and No Contact Order dated August 7, 2025;
4. All records, reports, memoranda, and correspondence related to or utilized to render any and all No Contact Orders, Military Protective Orders, or similar directives related to Mr. Terrance Williams;
5. All records, reports, memoranda, and correspondence that formed the basis for the August 7, 2025, Notice of Assignment to Situational Telework and No Contact Order and the August 19, 2025,  Amended Notice of Assignment to Situational Telework and No Contact Order issued to Mr. Williams;
6. All investigation and standard forms related to or utilized to render any and all No Contact Orders, Military Protective Orders, or similar directives, related to Mr. Terrance Williams;
7. All investigation and standard forms used for the issuance of the August 7, 2025, Notice of Assignment to Situational Telework and No Contact Order and the August 19, 2025, Amended Notice of Assignment to Situational Telework and No Contact Order issued to Mr. Williams;

8. All legal authorities, directives, policies, and regulations, relied upon, or referenced in connection with any and all No Contact Orders, Military Protective Orders, or similar directives related to Mr. Terrance Williams;

9. All legal authorities, directives, policies, and regulations, relied upon, or referenced in connection with the August 7, 2025, Notice of Assignment to Situational Telework and No Contact Order and the August 19, 2025, Amended Notice of Assignment to Situational Telework and No Contact Order issued to Mr. Williams;

10. All email correspondence, including attachments, referencing Mr. Terrance Williams' name for any and all No Contact Orders, Military Protective Orders, or similar directives;

11. All email correspondence, including attachments, referencing Mr. Terrance Williams' name for the August 7, 2025, Notice of Assignment to Situational Telework and No Contact Order and the August 19, 2025, Amended Notice of Assignment to Situational Telework and No Contact Order issued to Mr. Williams;

12. All email correspondence, to and from the Deputy to the Garrison Commander, U.S. Army Garrison Humphreys, Mr. Daniel M. Hancock, daniel.m.hancock6.civ@army.mil, including attachments, referencing Mr. Terrance Williams' name for any and all No Contact Orders, Military Protective Orders, or similar directives;

13. All email correspondence, to and from the Deputy to the Garrison Commander, U.S. Army Garrison Humphreys, Mr. Daniel M. Hancock, daniel.m.hancock6.civ@army.mil, including attachments, referencing Mr. Terrance Williams' name related to August 7, 2025, Notice of Assignment to Situational Telework and No Contact Order and the August 19, 2025, Amended Notice of Assignment to Situational Telework and No Contact Order issued to Mr. Williams;

14. Any and all correspondence in any format (i.e., audio, video) relating to any and all No Contact Orders, Military Protective Orders, or similar directives;

15. Any and all correspondence in any format (i.e., audio, video) relating to August 7, 2025, Notice of Assignment to Situational Telework and No Contact Order and the August 19, 2025, Amended Notice of Assignment to Situational Telework and No Contact Order issued to Mr. Williams;

16. Any reviews, recommendations, or internal assessments conducted by the OSJA related to any and all No Contact Orders, Military Protective Orders, or similar directives, related to Mr. Williams;

17. Any reviews, recommendations, or internal assessments conducted by the OSJA related to August 7, 2025, Notice of Assignment to Situational Telework and No Contact Order and the August 19, 2025, Amended Notice of Assignment to Situational Telework and No Contact Order issued to Mr. Williams;

18. Any reviews, recommendations, or internal assessments conducted by Mr. Daniel Chung, Daniel.j.chung5.civ@army.mil, related to any and all No Contact Orders, Military Protective Orders, or similar directives, related to Mr. Williams;

19. Any reviews, recommendations, or internal assessments conducted by Mr. Daniel Chung, Daniel.j.chung5.civ@army.mil, related to August 7, 2025, Notice of

Assignment to Situational Telework and No Contact Order and the August 19, 2025, Amended Notice of Assignment to Situational Telework and No Contact Order issued to Mr. Williams;

20. A copy of any and all Counter Productive Leadership Claims, disputes, or grievances filed against or related to Mr. Terrance Williams;

21. A copy of any and all Counter Productive Leadership Claims, disputes, or grievances filed by Mr. Jibraun Emerson against or related to Mr. Terrance Williams;

22. A copy of any and all Counter Productive Leadership Claims, disputes, or grievances filed by Mrs. Heather McCleod against or related to Mr. Terrance Williams; and

23. A copy of any and all Counter Productive Leadership Claims, disputes, or grievances filed by Ms. Clara Sagoe against or related to Mr. Terrance Williams.

A copy of the submitted FOIA request is enclosed herein as Exhibit B.

12. On September 26, 2025, Plaintiff requested an acknowledgment and status update. Exhibit C.

13. On October 7, 2025, Plaintiff requested an acknowledgment and status update. This request was sent to the general FOIA email addresses as well as to the email address of an individual at the Eight Army, G-1, FOIA-Privacy Act Office. Exhibit D.

14. On October 7, 2025, Defendant responded providing confirmation of receipt, the correct email address for FOIA correspondence, and case numbers:

1. This is a confirmation email that I received Mr. Terrance D. Williams USAG-Humphreys (IMCOM) FOIA/PA Request on October 8, 2025, at 2:17 am.

2. Mr. Williams original FOIA Request was sent to invalid Eighth Army FOIA mailbox on September 26, 2025.

   a. Valid email: usarmy.humphreys.8-army.list.g1-foia-pa@army.mil

   b. Invalid email: usarmy.humphreys.8-army.g1-foia-pa@army.mil

3. FOIA Case # Army Case Number: FP-26-000220 and Eighth Army Case Number FA-26-0001.

Exhibit E.

15.    On November 17, 2025, Defendant provided a status on the request, "1. I want to follow up with regarding the status of FOIA Request. Army Case Number: FP-26-000220 and Eighth Army Case Number FA-26-0001.  2. I am awaiting a response regarding the documents for Mr. Terrance D. Williams from the legal office." Exhibit F.

16.    On December 17, 2025, Plaintiff requested an update. Exhibit G.

17.    On December 17, 2025, Defendant responded and requested additional information: "Could Mr. Williams please provide the name of the agency related to his FOIA request, along with their email and the agency email?" Exhibit H.

18.    On December 18, 2025, Plaintiff requested clarification to Defendant's request, "I want to ensure I fully understand your recent request for additional information. The original FOIA submission lists the U.S. Army, the Office of the Staff Judge Advocate, and the Deputy to the Garrison Commander, U.S. Army Garrison Humphreys as the intended agencies. Could you please clarify what specific information you are requesting if the above does not answer your question? Our request was very specific - are you wanting us to provide the email addresses for the people we listed?" Exhibit I.

19.    The Defendant failed to provide the clarification sought in the email of December 18, 2025.

20.    Plaintiff sent a follow-up email on January 13, 2026, concerning the clarification request that had been sent earlier, on December 18, 2025. Exhibit J.

21.    On January 26, 2026, Plaintiff sent a follow-up email regarding the clarification request previously submitted on December 18, 2025, and January 13, 2026. Exhibit K.

## LEGAL FRAMEWORK

### Freedom of Information Act

22.     The Freedom of Information Act (FOIA) provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, *shall* make the records promptly available to any person." 5 U.S.C. § 552(a)(3) (emphasis added). Thus, FOIA creates a presumption that records held by the federal government must be produced to members of the public upon request.

23.     The FOIA further provides that an agency, upon any request for records, shall "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of . . . such determination and the reasons therefor[.]" 5 U.S.C. §552(a)(6)(A)(i).

24.     "Any person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. §552(a)(6)(C)(i).

25.     Pursuant to the FOIA, the "court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed. 5 U.S.C. §552(a)(4)(E)(i). A "complainant has substantially prevailed if the complainant has obtained relief through either—(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. §552(a)(4)(E)(ii).

### Privacy Act

26.     The Privacy Act provides that "[e]ach agency that maintains a system of records shall . . . upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him… to review the record and have a copy made of all or any portion thereof in a form comprehensible to him[.]" 5 U.S.C. § 552a(d)(1). The Privacy Act accordingly creates a presumption that records held by the federal government that pertain to a specific individual must be made available to that individual upon request.

27.     When an agency "refuses to comply with an individual request under subsection (d)(1) . . . the individual may bring civil action against the agency." 5 U.S.C. § 552a(g)(1)(B). The court may then "enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him." 5 U.S.C. § 552a(g)(3)(A).

28.     Further, the "court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this paragraph in which the complainant has substantially prevailed." 5 U.S.C. § 552a(g)(3)(B).

29.     When an agency fails to comply with any provision of the Privacy Act, or any rule promulgated thereunder, not articulated within 5 U.S.C. § 552a(g)(1)(A)-(C), in such a way as to have an adverse effect on an individual, the individual may bring civil action against the agency. 5 U.S.C. § 552a(g)(1)(D). If the

> "court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of - (A) actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000; and (B) the costs of the action together with reasonable attorney fees as determined by the court."

5 U.S.C. § 552a(g)(4).

## COUNT I
### (Violation of the Freedom of Information Act-5 U.S.C. §552)

30.    Plaintiff realleges paragraphs 1 through 27 as if fully stated herein.

31.    Defendants are unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. §552.

32.    Plaintiff has exhausted applicable administrative remedies.

33.    Plaintiff is being irreparably harmed because of Defendants' unlawful withholding of requested records.

34.    WHEREFORE, Plaintiffs respectfully request that the Court: (1) declare that Defendants violated the Freedom of Information Act; (2) order Defendants to immediately disclose the requested records, and limit redactions only to the names as required under FOIA, file location identifiers, and analytical processes used by the Agency as it performs its duties and obligations under its search and make copies available to Plaintiff; (3) award Plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. §552(a)(4)(E); and (4) grant such other relief as the Court deems just and proper.

## COUNT II
### (Violation of the Privacy Act, 5 U.S.C. §552a(g)(1)(B))

35.    Plaintiff realleges paragraphs 1 through 27 as if fully stated herein.

36.    Plaintiff is an individual seeking access to information about himself.

37.    Any documentation in the possession, custody, and control of Defendants is a record maintained in a system of records.

38.    Upon information and belief, there are records responsive to Plaintiff's request that are being withheld or released with redactions applied to relevant content that does not fall within the Privacy Act exemptions.

39.    Plaintiff has exhausted all required and available administrative remedies.

40.     Plaintiff has a legal right under the Privacy Act to obtain the information they seek, and there is no legal basis for Defendants' denial of said right. Defendants' failure to properly respond to Plaintiff's Privacy Act request is a constructive denial of their request.

41.     WHEREFORE, Plaintiff respectfully requests that the Court: (1) Declare that Defendants violated the Privacy Act; (2) Order Defendants to immediately disclose the requested records, and limit redactions to those allowed under FOIA and Privacy Act; (3) Order Defendants to describe the search undertaken to identify any agency records responsive to the request; (4) Award Plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. §552(a)(4)(E); and (5) Grant such other relief as the Court deems just and proper.

## PRAYER FOR RELIEF AS TO COUNTS I-II

Plaintiff respectfully requests that the Court:

42.     Declare the Defendants' failure to comply with FOIA and the Privacy Act to be unlawful;

43.     Order the Defendants to conduct an independent and comprehensive search of its documents and records in response to Plaintiff's FOIA and Privacy Act Requests;

44.     Order the Defendants to produce all responsive records without further delay or charge;

45.     Enjoin the Defendants from continuing to withhold records responsive to Plaintiff's FOIA and Privacy Act Requests to Defendants;

46.     Award Plaintiff attorneys fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and

47.     Grant such other relief as the Court may deem just and proper.

Dated: March 11, 2026

Respectfully submitted,

By: *Brett O'Brien*
BRETT O'BRIEN, ESQ
DC Bar License #: 1753983
NATIONAL SECURITY LAW
FIRM, LLC
1250 Connecticut Avenue NW
Washington, DC 20036
Phone:  (202) 600-4996
Fax:      (202) 545-6318